UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYRELL AINSWORTH,<br>            Plaintiff,<br>    v.<br>CDCR, et al.,<br>            Defendants. | Case No. 24-cv-08417-RFL (PR)<br><br>**ORDER OF DISMISSAL**<br><br>Dkt. No. 2 |

### INTRODUCTION

Plaintiff Tyrell Devonte Ainsworth is barred from bringing this 42 U.S.C. § 1983 action in forma pauperis because he has filed at least three federal actions (strikes) that were dismissed as frivolous, malicious, or on grounds that they failed to state a claim for relief. He was ordered to show cause why pauper status should not be barred, but he has not disputed the legitimacy of the three strikes and he has not shown that he was under imminent danger of serious physical injury at the time he filed his complaint. Accordingly, Ainsworth's motion to proceed in forma pauperis is DENIED and this federal civil rights action is DISMISSED without prejudice to Ainsworth bringing his claims in a new paid complaint.

### BACKGROUND

Ainsworth, a state prisoner and frequent litigant in federal court, filed this federal civil rights action under 42 U.S.C. § 1983, in which he alleges that various state actors at the CDCR (including Jeff Macomber, the Secretary of the CDCR), Corcoran State Prison, Salinas Valley State Prison, CCI-Tehachapi, and R.J. Donovan Correctional Facility violated his federal constitutional rights. (Dkt. Nos. 1 and 7.) He also filed a motion to proceed in forma pauperis

1

(IFP) under 28 U.S.C. § 1915. (Dkt. No. 2.) It came to the Court's attention that he may not be eligible to proceed IFP. Accordingly, he was ordered to show cause why the action should not be dismissed under 28 U.S.C. § 1915(g), which provides that a prisoner may not bring a civil action or appeal a civil judgment under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

The order identified three prior federal court actions that appeared to count under section 1915(g) and allowed Ainsworth an opportunity to respond, as required by *Andrews v. King*, 398 F.3d 1113 (9th Cir. 2005). The order also informed Ainsworth that he could avoid dismissal by paying the filing fee by the deadline.

The strikes identified were:

1. *Ainsworth v. Frisco*, Case No. 2:18-cv-07682-PSG-AGR (C.D. Cal. Sept. 14, 2018) (order dismissing action as frivolous, malicious, or for failure to state a claim on which relief may be granted);

2. *Ainsworth v. Batsakis*, Case No. 2:23-cv-01281-PA-AGR (C.D. Cal. Feb. 27, 2023) (Doc. No. 4) (order dismissing action as frivolous, malicious, or for failure to state a claim on which relief may be granted);

   and

3. *Ainsworth v. Macombre, et al.*, Case No. 2:23-cv-04263-PA-AGR (C.D. Cal. July 24, 2023) (order dismissing action as frivolous or malicious.[1]

Ainsworth filed an initial response to the order to show cause (OSC) and several supplemental responses, including a supplemental complaint. (Dkt. Nos. 7, 8, 9, 11, 12.) He has

---

[1] The Southern District of California recently concluded that Ainsworth was barred from proceeding IFP because the three actions listed here constituted strikes within the meaning of section 1915(g). *Ainsworth v. Macromber*, Case No. 24-cv-01482-AJB-AHG (S.D. Cal. Oct. 15, 2024).

not disputed that the three actions identified above count as strikes within the meaning of section 1915(g). Rather, he invokes the imminent danger exception. Ainsworth's allegations of imminent physical danger are largely conclusory. He does say that at an institution he does not name he was denied appropriate medical care and was physically and sexually harassed by unnamed staff whose actions he does not describe with any specificity. (Response to OSC, Dkt. No. 8 at 2-3.) He refers the Court to a series of grievance forms filed at R.J. Donovan, but those do not contain specific acts showing imminent physical danger either. (*Id.* 6-13.) In another filing, he alleges that he continues to be under threat at CSP-Corcoran. (Notification, Dkt. No. 9 at 1.) At the time he filed his original complaint, he was at the R.J. Donovan Correctional Facility in San Diego. (Compl., Dkt. No. 1 at 1; Dkt. No. 1-1 at 1.) At the time he filed his supplemental complaint, he was housed at Corcoran State Prison or at R.J. Donovan. (Supplemental Compl., Dkt. No. 7 at 1, 11.)

"The imminent danger exception to § 1915(g) requires a nexus between the alleged imminent danger and a prisoner's complaint." *Ray v. Lara*, 31 F.4th 692, 695 (9th Cir. 2022). The Ninth Circuit adopted the Second Circuit's "nexus test" from *Pettus v. Morgenthau*, 554 F.3d 293, 299 (2d Cir. 2009). The factors are (1) whether the imminent danger of serious physical injury that a three-strikes litigant alleges is fairly traceable to unlawful conduct asserted in the complaint and (2) whether a favorable judicial outcome would redress that injury. *Ray*, 31 F.4th at 701.

Here, the second factor weighs against Ainsworth. A favorable judicial outcome would redress only those injuries he suffered within the Northern District of California (those at Salinas Valley), not at the other prisons, and the alleged imminent danger occurred at prisons outside this district. His claims arising from events at other institutions are not properly joined in this suit, as he does not allege a basis to find them to be part of the same set of events. His allegations that the defendants are engaged in a conspiracy against him across the different prisons are entirely conclusory. Ainsworth therefore has not shown that he meets the imminent danger exception of section 1915(g).

In sum, Ainsworth has not shown any reason that the restrictions of section 1915(g) should not be imposed. He has failed to (i) pay the filing fee; (ii) show that any of the strikes do not qualify under section 1915(g); (iii) show that he qualifies for the imminent danger exception; or (iv) otherwise show cause why this action should not be dismissed.

## CONCLUSION

This federal civil rights action is DISMISSED without prejudice to Ainsworth bringing his claims in a new paid complaint. His motion to proceed IFP is DENIED. (Dkt. No. 2.)

The Clerk shall terminate Dkt. No. 2, enter judgment in favor of defendants, and close the file.

**IT IS SO ORDERED.**

**Dated:** May 14, 2025

RITA F. LIN
United States District Judge